IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND,<br><br>and<br><br>MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>R. A. BRIGHT CONSTRUCTION, INC.,<br><br>Defendant. | Case No.:<br><br>FILED: APRIL 2, 2008<br>08CV1888    PH<br><br>Judge:<br><br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE VALDEZ |

## COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant R.A. BRIGHT CONSTRUCTION, INC., state as follows:

## COUNT I
## BREACH OF ERISA OBLIGATIONS - FAILURE TO TIMELY PAY EMPLOYEE
## BENEFIT FUND CONTRIBUTIONS AND
## FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS

1.       The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and

3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

§1002(3) and (37A).  The Trustees and the Funds maintain offices and conduct business within this

district.  The Funds are agents for the purpose of collecting employer contributions required to be

paid on behalf of the Apprentice Fund, the Concrete Contractors Association, the Safety Fund and

CISCO Fund, (collectively, "the Affiliated Organizations").

2.       Defendant R. A. BRIGHT CONSTRUCTION, INC. (herein "Defendant Company"),

is an Illinois corporation that does business within this district and is an employer within the

meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management

Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3.       Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and

(2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4.       The Construction and General Laborers' District Council of Chicago and Vicinity

("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C.

§ 152(5), that maintains its principal offices in this district.   The Funds serve as collection agents

on behalf of the District Council.

5.       The District Council and the Defendant Company are now and at all relevant times

have been parties to successive collective bargaining agreements (herein "Agreement"), which

obligate the Defendant Company to make monthly contributions to the Funds on behalf of its

employees covered by the Agreement for health and welfare, pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

6.     Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations.  The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report to the Funds by the 20th day of the month immediately following the month in which the work is performed.  Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable attorneys' fees, and court costs.

7.     Pursuant to the Agreement and the Funds' governing trust documents and collection procedures, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds.  The Defendant Company is required to remit contributions for the Funds along with a remittance report to the Funds by the 20th day of the month immediately following the month in which the work is performed.  Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10%  in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable attorneys' fees, and costs.

8.     Notwithstanding its obligations as set forth in paragraphs 6 and 7, the Defendant Company has failed to timely report and pay contributions owed to the Funds and the Affiliated

3

Organizations from May 2006 through November 2006, and September 2007 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of timely income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9.    The Company eventually remitted payment of the outstanding contributions but failed to pay the accompanying interest and liquidated damages assessed for these untimely payments.

10.    The Funds previously agreed to suspend the interest and liquidated damages assessed to the Defendant Company for its untimely remittance of its May 2006 through November 2006 reports and contributions provided however, that the Company remained current in its contributions through the work month of September 2008, which the Company failed to do.

11.    As a result, interest and liquidated damages assessed for the period of May 2006 through November 2006 totaling $31,7182.96 remain due, in addition to the interest and late fees assessed for the late payments for September 2007 through the present.

12.    Since at least May 2006, the Defendant Company has employed employees who performed work covered by the Agreement.

13.    All conditions precedent to requiring the timely payment of contributions and submission of reports to the Funds have been met.

14.    The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

15.    Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for any

4

unpaid contributions that may accrue during the course of this litigation, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

16.    The Defendant Company's obligations under the Agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on any unpaid contributions that may become due during the course of this litigation will continue to accrue until payment is made.

17.    Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Affiliated Organizations for any unpaid contributions that may accrue during the course of this litigation, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request a judgment against R.A. BRIGHT CONSTRUCTION, INC., as follows:

1.    Finding that R.A. BRIGHT CONSTRUCTION, INC., violated the Agreement;

2.    Finding that R.A. BRIGHT CONSTRUCTION, INC., is liable to the Funds and Affiliated Organizations for all unpaid interest, liquidated damages or other delinquencies owed to date, any delinquent contributions that may accrue during the course of this litigation as well as accompanying interest and liquidated damages, and attorneys' fees and court costs;

3.    Ordering R.A. BRIGHT CONSTRUCTION, INC., to pay to Plaintiffs all accrued delinquencies prior to and after the filing of this suit, including unpaid contributions that may accrue, interest and liquidated damages;

4.      Ordering R.A. BRIGHT CONSTRUCTION, INC., to pay to Plaintiffs all reasonable attorneys' fees and costs   incurred in pursuing collections; and

5.      Granting all such other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**BREACH OF LABOR AGREEMENT**
**FAILURE TO POST BOND**
**R.A. BRIGHT CONSTRUCTION, INC.**

18.      Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 of Count I as paragraphs 1 through 17 of Count II.

19.      District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this district.

20.      Defendant R.A. BRIGHT CONSTRUCTION, INC. (the "Defendant Company"), is a corporation that maintains offices and conducts business within this District.

21.      The Defendant Company is a signatory to the Joint Agreement (the "Agreement") between the Concrete Contractors Association of Greater Chicago and the District Council.

22.      Article IX of the Agreement provides that all employer-signatories to the Agreement must procure, carry and maintain a surety bond in an amount satisfactory to the District Council, but not less than the sum of $5,000 to guarantee the payment of wages as well as Pension and Welfare Trust contributions, during the terms of the Agreement.

23.      The Funds, as a beneficiary of the bond, have been authorized to enforce

6

the bond provision of the Agreement by the District Council.

24.    Pursuant to the Agreement, the amount of the bond is based on the size of the employer's work force and is graduated up for employers with seven or more bargaining unit employees.

25.    The Funds' collection procedures also provide that each employer is required to provide the Funds and/or the Union with a surety bond to guarantee the payment of wages and fringe benefit contributions.

26    According to the Funds' collection procedures, if an employer employs forty-one or more employees covered by its labor Agreement, the surety bond must be in the amount of $45,000.

27.    The form of the bond that is required by the Funds and the District Council is attached as Exhibit A.

28.    In accordance with the Agreement, the Funds' collection procedures and based on its workforce, the Defendant Company is required to post a bond in the amount of $45,000.

29.    The Company already has an existing bond in the amount of $5,000.

30.    Under the terms of the Funds' collection procedures, if an employer fails to provide a bond as required, it is required to pay all of the costs, including attorneys' fees, incurred in seeking the compel the bond.

31.    On or about January 8, 2008, and February 22, 2008, the Funds' attorneys notified the Defendant Company by letter that it was required to provide a bond in the amount required by the Agreement contract and the Funds' collection procedures.

7

32.    Notwithstanding its obligation to do so and the notifications from the Funds' attorneys, the Defendant Company has failed to post the required bond.

33.    Failure to post the $45,000 bond or to supplement the existing $5,000 bond with an additional $40,000 bond constitutes a breach of the Defendant Company's collective bargaining agreement, and puts the Funds, the District Council and its members, at risk that obligations owed by the Defendant Company will not be met because the security required by the contract is not available.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully request this Court to enter judgment against Defendant R.A. BRIGHT CONSTRUCTION, INC., as follows:

1.    Ordering R.A. BRIGHT CONSTRUCTION, INC., to obtain and provide the Plaintiffs with a $45,000 bond in the form provided in Exhibit A or, in the alternative, to provide a payment to Funds in the amount of $40,000 to be held as a cash bond, which shall supplement the existing $5,000 bond;

2.    Ordering R.A. BRIGHT CONSTRUCTION, INC., to reimburse the Plaintiffs for all legal fees and costs incurred in pursuing this action; and

3.    Granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steve W. Jados
Dowd, Bloch & Bennett
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361