# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN, SR., AL OROSZ, DAN BREJC, TOBY KOTH, and VERN BAUMAN as Trustees of The Fox Valley Laborers' Health and Welfare Fund, and MIKE SHALES, JOHN BRYAN, SR., AL OROSZ, TOBY KOTH, GORDON ANDERSON, and DAN BREJC as Trustees of The Fox Valley Laborers' Pension Fund,<br><br>           Plaintiffs,<br>v.<br><br>R. A. BRIGHT CONSTRUCTION, INC.<br><br>           Defendant. | No. 08 C 1888<br><br>Hon. Wayne R. Andersen,<br>Judge Presiding<br><br>Hon. Maria Valdez,<br>Magistrate Judge Presiding |

## ANSWER

Defendant R. A. Bright Construction, Inc., by its attorney Jeffrey D. Corso of Cooney Corso, LLC, answers Plaintiffs complaint as follows:

## COUNT I

## BREACH OF ERISA OBLIGATIONS - FAILURE TO TIMELY PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS AND FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS

1.      The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions required to be paid on behalf of the Apprentice Fund, the Concrete Contractors Association, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations").

**Answer:    Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies the allegations contained in this paragraph.**

2.    Defendant R. A. BRIGHT CONSTRUCTION, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this district and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. § 1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

**Answer:    Defendant admits the allegations contained in this paragraph.**

3.    Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

**Answer:    Defendant admits the allegations contained in this paragraph.**

4.    The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district. The Funds serve as collection agents on behalf of the District Council.

**Answer:    Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and, therefore, denies the allegations contained in this paragraph.**

5.    The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and contributions for the Affiliated Organizations; the Agreement also requires the Defendant

Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

**Answer:** **Defendant admits that it is party to an agreement with the District Council which, by its terms, references and/or incorporates other documents. Defendant generally admits that this agreement along with the incorporated documents obligates Defendant to make monthly contributions to the Funds for certain employees covered thereby and to submit monthly reports identifying certain employees covered thereunder. However, because Plaintiffs fail to attach these "successive collective bargaining agreements" to the Complaint, and because Defendants are not certain as to which agreements are referred to by Plaintiffs in this paragraph, Defendant lacks knowledge and information sufficient to form a belief as to the truth of any allegation in this paragraph beyond the scope of what Defendant admits.**

6.  Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report to the Funds by the 20th day of the month immediately following the month in which the work is performed. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable attorneys' fees, and court costs.

**Answer:** **Defendant denies the allegations contained in this paragraph.**

7.  Pursuant to the Agreement and the Funds' governing trust documents and collection procedures, the Defendant Company must also pay contributions for each hour

worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report to the Funds by the 20th day of the month immediately following the month in which the work is performed. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable attorneys' fees, and costs.

    **Answer:**   **Defendant denies the allegations contained in this paragraph.**

    8.    Notwithstanding its obligations as set forth in paragraphs 6 and 7, the Defendant Company has failed to timely report and pay contributions owed to the Funds and the Affiliated Organizations from May 2006 through November 2006, and September 2007 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of timely income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

    **Answer:**   **Defendant admits that it did not timely report and pay contributions owed to the Funds from approximately May, 2006 through approximately November, 2006, and September, 2007 through approximately March, 2008. Defendant denies the remaining allegations contained in this paragraph.**

    9.    The Company eventually remitted payment of the outstanding contributions but failed to pay the accompanying interest and liquidated damages assessed for these untimely payments.

    **Answer:**   **Defendant admits that it is current in the payment of contributions and has not paid interest and liquidated damages.**

10. The Funds previously agreed to suspend the interest and liquidated damages assessed to the Defendant Company for its untimely remittance of its May 2006 through November 2006 reports and contributions provided however, that the Company remained current in its contributions through the work month of September 2008, which the Company failed to do.

**Answer:   Defendant admits that there was an agreement to suspend interest and liquidated damages arising from untimely remittance of contributions from approximately May, 2006 through November, 2006. Defendant denies that it is not current in the payment of contributions.**

11. As a result, interest and liquidated damages assessed for the period of May 2006 through November 2006 totaling $37,182.96 remain due, in addition to the interest and late fees assessed for the late payments for September 2007 through the present.

**Answer:   Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies all allegations in this paragraph.**

12. Since at least May 2006, the Defendant Company has employed employees who performed work covered by the Agreement.

**Answer:   Defendant admits the allegations contained in this paragraph.**

13. All conditions precedent to requiring the timely payment of contributions and submission of reports to the Funds have been met.

**Answer:   Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies all allegations in this paragraph.**

14.     The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

**Answer:     Defendant admits the allegations contained in this paragraph.**

15.     Under ERISA Section 502(g)(2), 29 U.S.C. § 11 32(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for any unpaid contributions that may accrue during the course of this litigation, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

**Answer:     Defendant admits that obligations are imposed on it pursuant to the Agreement it has with Plaintiffs and to the extent that federal law enforces compliance with those obligations. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of events that Plaintiffs allege may or may not occur in the future (i.e., "during the course of this litigation").**

16.     The Defendant Company's obligations under the Agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on any unpaid contributions that may become due during the course of this litigation will continue to accrue until payment is made.

**Answer:     Defendant admits that obligations are imposed on it pursuant to the Agreement it has with Plaintiffs and to the extent that federal law enforces compliance with those obligations. Defendant denies that it is delinquent in the payment of contributions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of events that Plaintiffs allege may or may not occur in the future (i.e., "during the course of this litigation").**

17.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1 132(g)(2), the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Affiliated Organizations for any unpaid contributions that may accrue during the course of this litigation, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

**Answer:     Defendant admits that obligations are imposed on it pursuant to the Agreement it has with Plaintiffs and to the extent that federal law enforces compliance with those obligations. Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of events that Plaintiffs allege may or may not occur in the future (i.e., "during the course of this litigation").**

Wherefore, Defendant prays for judgment in its favor and against plaintiffs and for further relief to which it is entitled.

**COUNT II**
**BREACH OF LABOR AGREEMENT**
**FAILURE TO POST BOND**
**R.A. BRIGHT CONSTRUCTION, INC.**

18.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 of Count I as paragraphs 1 through 17 of Count II.

**Answer:     Defendant incorporates its answers to paragraphs 1 through 17 as and for its answer to paragraph 18 of this Count II.**

19.     District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this district.

**Answer:   Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

20. Defendant R.A. BRIGHT CONSTRUCTION, INC. (the "Defendant Company"), is a corporation that maintains offices and conducts business within this District.

**Answer:   Defendant admits the allegations contained in this paragraph.**

21. The Defendant Company is a signatory to the Joint Agreement (the "Agreement") between the Concrete Contractors Association of Greater Chicago and the District Council.

**Answer:   Defendant admits that it executed an agreement with Plaintiffs the effect of which imposes upon Defendant certain obligations contained in the Joint Agreement between the Concrete Contractors' Association of Greater Chicago and the District Council.**

22. Article IX of the Agreement provides that all employer-signatories to the Agreement must procure, carry and maintain a surety bond in an amount satisfactory to the District Council, but not less than the sum of $5,000 to guarantee the payment of wages as well as Pension and Welfare Trust contributions, during the terms of the Agreement.

**Answer:   Defendant states that the exact language of Article IX speaks for itself and admits that Plaintiffs have fairly summarized the language of Article IX in alleging this paragraph.**

24. The Funds, as a beneficiary of the bond, have been authorized to enforce the bond provision of the Agreement by the District Council.

**Answer:     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

25.     Pursuant to the Agreement, the amount of the bond is based on the size of the employer's work force and is graduated up for employers with seven or more bargaining unit employees.

**Answer:     Defendant denies the allegations contained in this paragraph.**

26.     The Funds' collection procedures also provide that each employer is required to provide the Funds and/or the Union with a surety bond to guarantee the payment of wages and fringe benefit contributions.

**Answer:     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

27.     According to the Funds' collection procedures, if an employer employs forty-one or more employees covered by its labor Agreement, the surety bond must be in the amount of $45,000.

**Answer:     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

28.     The form of the bond that is required by the Funds and the District Council is attached as Exhibit A.

**Answer:     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

29.    In accordance with the Agreement, the Funds' collection procedures and based on its workforce, the Defendant Company is required to post a bond in the amount of $45,000.

**Answer:     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

30.    The Company already has an existing bond in the amount of $5,000.

**Answer:     Defendant admits the allegations contained in this paragraph.**

31.    Under the terms of the Funds' collection procedures, if an employer fails to provide a bond as required, it is required to pay all of the costs, including attorneys' fees, incurred in seeking the compel the bond.

**Answer:     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations.**

32.    On or about January 8, 2008, and February 22, 2008, the Funds' attorneys notified the Defendant Company by letter that it was required to provide a bond in the amount required by the Agreement contract and the Funds' collection procedures.

**Answer:     Defendant admits that it received from Plaintiffs' attorney one letter dated January 8, 2008 and one letter dated February 22, 2008, the content of which speak for themselves.**

33.   Notwithstanding its obligation to do so and the notifications from the Funds' attorneys, the Defendant Company has failed to post the required bond.

**Answer:   Despite a request to Plaintiffs for a copy of Plaintiffs' collection procedures, Plaintiffs have failed and/or refuse to provide a copy to Defendant. Unless and until Defendant is able to view the collection procedures in their entirety (and any documents referenced thereby), Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and, therefore, deny the allegations in this paragraph.**

34.   Failure to post the $45,000 bond or to supplement the existing $5,000 bond with an additional $40,000 bond constitutes a breach of the Defendant Company's collective bargaining agreement, and puts the Funds, the District Council and its members, at risk that obligations owed by the Defendant Company will not be met because the security required by the contract is not available.

**Answer:   Defendant denies the allegations contained in this paragraph.**

Wherefore, Defendant prays for judgment in its favor and against plaintiffs and for further relief to which it is entitled.

R.A. BRIGHT CONSTRUCTION, INC.

By:_____/s/ *Jeff Corso*_____
           One of its Attorneys

Jeffrey D. Corso - 06206210
Cooney Corso, LLC
4925 Indiana Ave.
Suite 101
Lisle, IL 60532
Tel  (630) 336-7393 Direct
jcorso@cooneycorso.com